UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES JONES, | ) | 4:12CV1511 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| EDWARD SHELDON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Charles Jones ("Jones") filed a petition pro se for a writ of habeas corpus arising out of his 2009 conviction for murder, with a firearm specification, and felonious assault, in the Mahoning County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Jones raises two grounds for relief: (1) Ineffective assistance of trial counsel, and (2) Trial court abused its discretion by denying his motion to withdraw plea. (Doc. 1, § 12.) The respondent has filed a Return of Writ (doc. 6), and Jones has filed a Traverse (doc. 11).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth a detailed factual and procedural background, which is excerpted here, in relevant part:

Appellant [Jones] was arrested on October 30, 2006, and was indicted on November 30, 2006, on one count of murder, one count of attempted murder, and one count of felonious assault, with corresponding firearm specifications on each of the charges.  Count one was predicated on the fatal shooting of Waddell Casey.  Counts two and three were predicated on the non-fatal shooting of Michael Faiola.  At Appellant's arraignment conducted on December 12, 2006, Attorney Thomas Zena appeared on his behalf and entered not guilty pleas on all counts.  A jury trial was set for January 17, 2007.

A motion for supplemental discovery was filed on December 26, 2006, and reads, in pertinent part, "[c]ounsel has been made aware that several statements were taken in this matter as part of the course of investigation.  In the discovery received by counsel, no statements, audio or video, have been included and no written statements have been provided in the discovery." (12/26/06 Motion, p. 1.) The motion was sustained on December 27, 2006.

Between January 19, 2007 and June 23, 2008, the trial was continued many times.

* * * * *

On June 23, 2008, Appellant entered his guilty plea to the murder and felonious assault charges and the corresponding firearm specifications.  The state agreed to dismiss the attempted murder charge, and further agreed that the firearm specifications would merge at sentencing.  The parties agreed to recommend a fifteen-year-to-life sentence on the murder charge and an eight-year sentence on the felonious assault charge to run concurrently with the murder sentence.  Both convictions were to run consecutively to the three-year sentence on the gun specification.

The sentencing hearing was scheduled for August 1, 2008.  On July 31, 2008, the trial court rescheduled the sentencing hearing to August 29, 2008, due to defense counsel's scheduling conflict.  Two weeks later, on August 14, 2008, Attorney Zena filed a motion to withdraw as counsel.  He stated, "[t]he Defendant has initiated an action against counsel indicating that counsel has not properly represented him and that he was apparently coerced into entering a plea in this cause."

Oral argument was heard on the motion to withdraw as counsel on August 21, 2008, and the matter was taken under advisement.  On

September 22, 2008, the trial court overruled the motion to withdraw. The trial court noted in its judgment entry that Appellant was displeased with Zena's representation because a University of Akron Law School student told him that the trial court had the discretion to sentence him to a prison term greater than the agreed prison term. The trial judge stated that she fully explained the maximum sentences to Appellant at the plea hearing and also explained that she had the authority not only to accept the prosecutor's recommended sentence, but to deviate from it. (9/22/08 J.E., p. 1.) For these reasons, the court found no basis for allowing Attorney Zena to withdraw as counsel.

The case was called for sentencing on November 13, 2008. At the sentencing hearing, Attorney Zena again requested to withdraw as counsel, this time based on a grievance that Appellant had apparently filed against him with the local bar association. The court granted the oral motion, and Attorney Douglas Taylor was appointed to represent Appellant. The sentencing hearing was stayed for 14 days. On December 5, 2008, prior to final sentence being imposed, Appellant's counsel filed a motion to withdraw the plea. In the motion, counsel maintained, "[Appellant] has been incarcerated for almost two years and advised that it was his desire to 'go home', and he thought by entering this plea he would get home sooner." (12/5/08 Motion, p. 2.)

The trial court conducted a hearing on the motion to withdraw the plea on January 30, 2009. At the hearing, Appellant's counsel argued that his plea was not made knowingly and intelligently because Attorney Zena failed to share the evidence gathered during discovery with him. He also argued that he had indicated his displeasure with the plea as early as July 23, 2008, when he spoke with an investigating officer of the Adult Parole Authority. He indicated that he did not commit the crimes and only entered the plea so that he could get home to his family. Counsel noted that this statement was made only 30 days after Appellant had entered his guilty plea.

The trial court overruled the motion to withdraw the plea on February 10, 2009. The court stated that the matter under review was a presentence motion to withdraw a plea along with an allegation of ineffective assistance of counsel. The court noted that Appellant was represented by an experienced criminal defense attorney prior to entering the plea and that the plea agreement was not rushed into, but occurred eighteen months after discovery was completed. The court also noted Appellant's stated reason for becoming dissatisfied with the plea was that he thought he would get home sooner if he pleaded

guilty, and that he did not have the opportunity to review discovery prior to entering his plea.  The court found that Appellant did not assert that he was prejudiced by Attorney Zena's actions or failure to act, nor had he presented any real evidence to support his motion.  The motion was overruled on the basis of the holdings in State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, and State v. Madeline, 11th Dist. No.2000–T–0156, 2002–Ohio–1332.

Appellant was sentenced on March 3, 2009.

(Doc. 6, RX 15, at 1-2, 4-7; State v. Jones, No. 09-MA-50, 2011 WL 2421001, at *1-*4 (Ohio Ct. App. June 8, 2011).)

Jones appealed his plea and sentence, presenting two assignments of error:

1. The trial court abused its discretion when it refused to grant Defendant-Appellant's motion to withdraw his plea, when the motion was made prior to the imposition of sentence.

2.  Defendant-Appellant was denied effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.

(Doc. 6, RX 13.)  The court of appeals affirmed Jones' conviction and sentence.  (Doc. 6, RX 15; Jones, 2011 WL 2421001.)

    Jones appealed to the Supreme Court of Ohio, but did not set forth any formal propositions of law, instead relying on his arguments before the state court of appeals.  (Doc. 6, RX 18.)  On Nov. 2, 2011, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 6, RX 19; State v. Jones, 130 Ohio St.3d 1417, 956 N.E.2d 309 (2011).)

4

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams,* 529 U.S. at 410-12; *Lorraine,* 291 F.3d at 422.

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

### III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The first ground of the petition is ineffective assistance of trial counsel. Jones offers the following theory:

> The defendant was denied effective assistance of counsel when he was not given "motion of discovery," and misled to take a plea for 18 years to life. He was also told that he would only do 9 or 10 years because he has no record.

(Doc. 1, § 12(a).) The respondent argues that defense counsel was not constitutionally ineffective. (Doc. 6, at 15-16, 25.)

On direct appeal, Jones raised ineffective assistance of counsel as his second assignment of error. Jones argued that "Defendant did not enter a plea knowingly and was not properly informed about his case." (Doc. 6, RX 13, at 8.) He claimed

6

that counsel "intentionally withheld information from his client and further failed to provide discovery for review by his client." Id.

Also, Jones claimed that there was tension concerning payment of his counsel's retainer. (Doc. 6, RX 13, at 8-9.) Jones asked the court to infer that the alleged issue concerning payment of fees "had to have a detrimental impact on Rule 11 Plea Negotiations." Id. at 9. He did not raise any issue concerning his understanding of the sentence he would serve. See generally doc. 6, RX 13, at 8-9.

Based on those contentions, Jones argued that:

> There is a reasonable possibility that, but for Defense Counsel's errors the Defendant would have gone to trial, or Defense Counsel would have succeeded in withdrawing from the case prior to the plea. If Defense Counsel would have exercised one of his many options, there would have been a reasonable possibility of a different result.

(Doc. 6, RX 13, at 9.) The state court of appeals was unconvinced.

The court first set forth the applicable standards for ineffective assistance under Strickland v. Washington and State v. Bradley. (Doc. 6, RX 15, at 12-13; Jones, 2011 WL 2421001, at *6, citing Strickland v. Washington, 466 U.S. 668, 687 (1984), and State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), cert. denied, 497 U.S. 1011 (1990) (syllabus).) The court continued:

> The mere fact that, if not for the alleged actions of counsel, the defendant would not have entered a guilty plea, is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93–G–1826, citing State v. Haynes (Mar. 3, 1995), 11th Dist. No. 93–T–4911, at 4–5. Rather, ineffective assistance of trial counsel affects the validity of a guilty plea when it precludes a defendant from entering his plea knowingly and voluntarily. Id.

> Because an allegation of a coerced plea involves actions over which the state has no control, "[a] claim that a guilty or no contest plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made." (Internal quotations omitted) State v. Lett, 7th Dist. No. 08–MA84, 2010–Ohio–4188, ¶ 33.  A defendant's own self-serving declarations or affidavits are insufficient to rebut a record that demonstrates that the plea was voluntary.  Id.
>
> Appellant's assertion that counsel failed to inform him about evidence being gathered during discovery is not supported by the record. Equally absent is any indication as to how Appellant might have been prejudiced.  Appellant's allegation that counsel stopped providing proper representation due to a dispute over the payment of his attorney's fees is contradicted by the record.  Attorney Zena continued to represent Appellant even after the alleged fee issue arose, including the administration of not one but two polygraph examinations in an effort to convince the state to dismiss the charges against him. Attorney Zena also successfully negotiated a plea agreement in which a charge of attempted murder, and the accompanying gun specification, were dismissed, and the prosecutor agreed to recommend concurrent sentences on the two remaining charges.  Appellant's mere allegations of coercion from his counsel are insufficient to prove that his plea was not voluntarily entered.  Appellant has not identified any evidence in the record to support his conclusion that his counsel pressured him into entering the plea, or how that pressure might have been exerted.  Moreover, Appellant was fully apprized of his rights and the potential penalties at the plea hearing.  Finally, as pointed out by the trial court, Appellant failed to assert or prove that he was prejudiced by his trial counsel's behavior.  Accordingly, Appellant's second assignment of error is overruled.

(Doc. 6, RX 15, at 13-14 ; Jones, 2011 WL 2421001, at *7.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). The Supreme Court recently re-affirmed that the right to counsel extends to plea

negotiations. Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012); see also Missouri v. Frye, 132 S.Ct. 1399 (2012).

The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). See generally Strickland, 466 U.S. at 689 (two-part test). In the plea context, the defendant must show that the outcome of the plea negotiations would have been different with competent advice from counsel. Lafler, 132 S.Ct. at 1384. The petitioner is required to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Lafler, 132 S.Ct. at 1384-1385 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application

9

of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has affirmed that this court must approach the state court's rulings in a highly deferential manner.  The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of the Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard. Harrington v. Richter, 131 S.Ct. 770, 785 (2011).  The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S.Ct. at 788.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-787; see also Montgomery v. Bobby, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 2376 (2012) (quoting Richter).  The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so.  Id. at 786; see also Montgomery, 654 F.3d at 676.

Reviewing the state court's ruling in accordance with the guidance set forth by the U.S. Supreme Court in Richter and Lafler, the court finds that Jones has

10

failed to demonstrate that the state court's application of Strickland was unreasonable. The petition should not be granted on the basis of the first ground.

## IV. MOTION TO WITHDRAW PLEA

The second ground of the petition is ineffective assistance of trial counsel. Jones offers the following theory:

> Trial court abused its discretion when it denied Defendant['s] motion to withdraw his plea, when it was made prior to sentencing. Defendant also told the court, bar association, and post sentence investigator that he had been coerced into taking the plea.

(Doc. 1, § 12(a).) The respondent argues that a habeas petitioner who had entered a guilty plea at trial is limited to raising the issue of whether his guilty plea was knowing and voluntary. (Doc. 6, at 14.)

On direct appeal, Jones argued that the trial court had abused its discretion by denying his motion to withdraw his plea, contrary to state law. (Doc. 6, RX 13, at 5-7; see also doc. 11, at 4, 11.) The bulk of his argument was that the court had failed to properly address his motion to withdraw plea under the factors discussed in State v. Fish, 104 Ohio App.3d 236, 661 N.E.2d 788 (Ohio Ct. App. 1995). Id. Jones did not raise any alleged violation of federal law in his arguments on this issue.

The state court of appeals analyzed the Fish factors, as the issue was presented to the court by Jones. (Doc. 6, RX 15, at 7-12; Jones, 2011 WL 2421001, at *4-*6.) The court ultimately ruled:

> None of the factors listed in State v. Fish weigh in Appellant's favor, and there is little in the record to rebut the strong inference that Appellant's newfound claim of innocence is anything more than a change of heart about pleading guilty. The trial court utilized its discretion to overrule the motion to withdraw the plea in this case, and we find no abuse of discretion based on the record now before us. Therefore, we overrule Appellant's first assignment of error.

(Doc. 6, RX 15, at 12 ; Jones, 2011 WL 2421001, at *6.)

There is no federal constitutional right to withdraw a guilty plea. Dickey v. Warden, Lebanon Corr. Inst., No. 1:08CV819, 2010 WL 92510, at *7-*8 (S.D. Ohio Jan. 6, 2010) (citing cases); Breeden v. Beightler, No. 3:06CV3056, 2008 WL 1995367, at *13 (N.D. Ohio May 6, 2008) (citing United States ex rel. Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970)).

In addition, this court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea. Xie v. Edwards, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007). Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this court. Lewis, 497 U.S. at 780; Akemon v. Brunsman, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

In his traverse, Jones raises an additional argument, that the state court's decision "was based on an unreasonable determination of the facts in light of the

12


evidence presented in the state court proceeding." (Doc. 11, at 11.) However, his petition did not argue that the state court made an unreasonable determination of the facts; the petition asserted that the trial court "abused its discretion when it denied his motion to withdraw his plea." (Doc. 1, at § 12.)

Jones cannot raise a new ground for habeas relief in his Traverse. Any alleged violations of constitutional rights which are first raised in a traverse, rather than the habeas petition, are not properly before this court, and will not be considered. Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (citing cases); Jenkins v. Welch, No. 4:09CV637, 2010 WL 1948297, at *15 (N.D. Ohio Apr. 26, 2010); Sowell v. Collins, 557 F.Supp.2d 843, 889 (S.D. Ohio 2008), aff'd, 663 F.3d 783 (6th Cir. 2011).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Jones has failed to demonstrate that the state court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law. The petition should not be granted on the basis of the second ground.

## V.  SUMMARY

The petition for a writ of habeas corpus should be denied. The petition should not be granted on the basis of the first ground, because Jones has failed to

demonstrate that the state court's application of Strickland was unreasonable. The petition should not be granted on the basis of the second ground, because habeas relief is not available for a claimed violation of Ohio Criminal Rule 32.1.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:  Jan. 24, 2014             /s/ Kenneth S. McHargh
                                  Kenneth S. McHargh
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).