UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CHARLES JONES,                          :
                                        :    CASE NO. 4:12-CV-01511
         Petitioner,                    :
                                        :
vs.                                     :    OPINION & ORDER
                                        :    [Resolving Docs. 1, 12, and 17]
WARDEN SHELDON,                         :
                                        :
         Respondent.                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Kenneth S. McHargh recommends that this Court dismiss Petitioner Charles Jones's 28 U.S.C. § 2254 petition because the state courts did not unreasonably apply clearly established federal law.[1] Petitioner Jones objects to the Magistrate Judge's recommendation.[2] For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Judge McHargh, and **DISMISSES WITH PREJUDICE** Jones's petition.

### I. Factual and Procedural Background

In habeas corpus proceedings instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct.[3] The Ohio Court of Appeals summarized the facts as follows:

> Appellant [Jones] was arrested on October 30, 2006, and was indicted on November 30, 2006, on one count of murder, one count of attempted murder, and one count of felonious assault, with corresponding firearm specifications on each of the charges. Count one was predicated on the fatal shooting of Waddell Casey. Counts two and

---

[1] Doc. 12.
[2] Doc. 17.
[3] 28 U.S.C. § 2254(e)(1).

Case No. 4:12-CV-01511
Gwin, J.

three were predicated on the non-fatal shooting of Michael Faiola. At Appellant's arraignment conducted on December 12, 2006, Attorney Thomas Zena appeared on his behalf and entered not guilty pleas on all counts. A jury trial was set for January 17, 2007.

A motion for supplemental discovery was filed on December 26, 2006, and reads, in pertinent part, "[c]ounsel has been made aware that several statements were taken in this matter as part of the course of investigation. In the discovery received by counsel, no statements, audio or video, have been included and no written statements have been provided in the discovery." (12/26/06 Motion, p. 1.) The motion was sustained on December 27, 2006.

Between January 19, 2007 and June 23, 2008, the trial was continued many times.

\*\*\*

On June 23, 2008, Appellant entered his guilty plea to the murder and felonious assault charges and the corresponding firearm specifications. The state agreed to dismiss the attempted murder charge, and further agreed that the firearm specifications would merge at sentencing. The parties agreed to recommend a fifteen-year-to-life sentence on the murder charge and an eight-year sentence on the felonious assault charge to run concurrently with the murder sentence. Both convictions were to run consecutively to the three-year sentence on the gun specification.

The sentencing hearing was scheduled for August 1, 2008. On July 31, 2008, the trial court rescheduled the sentencing hearing to August 29, 2008, due to defense counsel's scheduling conflict. Two weeks later, on August 14, 2008, Attorney Zena filed a motion to withdraw as counsel. He stated, "[t]he Defendant has initiated an action against counsel indicating that counsel has not properly represented him and that he was apparently coerced into entering a plea in this cause."

Oral argument was heard on the motion to withdraw as counsel on August 21, 2008, and the matter was taken under advisement. On September 22, 2008, the trial court overruled the motion to withdraw. The trial court noted in its judgment entry that Appellant was displeased with Zena's representation because a University of Akron Law School student told him that the trial court had the discretion to sentence him to a prison term greater than the agreed prison term. The trial judge stated that she fully explained the maximum sentences to Appellant at the plea hearing and also explained that she had the authority not only to accept the prosecutor's recommended sentence, but to deviate from it. (9/22/08 J.E., p. 1.) For these reasons, the court found no basis for allowing Attorney Zena to withdraw as counsel.

Case No. 4:12-CV-01511
Gwin, J.

>The case was called for sentencing on November 13, 2008. At the sentencing hearing, Attorney Zena again requested to withdraw as counsel, this time based on a grievance that Appellant had apparently filed against him with the local bar association. The court granted the oral motion, and Attorney Douglas Taylor was appointed to represent Appellant. The sentencing hearing was stayed for 14 days. On December 5, 2008, prior to final sentence being imposed, Appellant's counsel filed a motion to withdraw the plea. In the motion, counsel maintained, "[Appellant] has been incarcerated for almost two years and advised that it was his desire to 'go home', and he thought by entering this plea he would get home sooner." (12/5/08 Motion, p. 2.)
>
>The trial court conducted a hearing on the motion to withdraw the plea on January 30, 2009. At the hearing, Appellant's counsel argued that his plea was not made knowingly and intelligently because Attorney Zena failed to share the evidence gathered during discovery with him. He also argued that he had indicated his displeasure with the plea as early as July 23, 2008, when he spoke with an investigating officer of the Adult Parole Authority. He indicated that he did not commit the crimes and only entered the plea so that he could get home to his family. Counsel noted that this statement was made only 30 days after Appellant had entered his guilty plea.
>
>The trial court overruled the motion to withdraw the plea on February 10, 2009. The court stated that the matter under review was a presentence motion to withdraw a plea along with an allegation of ineffective assistance of counsel. The court noted that Appellant was represented by an experienced criminal defense attorney prior to entering the plea and that the plea agreement was not rushed into, but occurred eighteen months after discovery was completed. The court also noted Appellant's stated reason for becoming dissatisfied with the plea was that he thought he would get home sooner if he pleaded guilty, and that he did not have the opportunity to review discovery prior to entering his plea. The court found that Appellant did not assert that he was prejudiced by Attorney Zena's actions or failure to act, nor had he presented any real evidence to support his motion. The motion was overruled on the basis of the holdings in *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, and *State v. Madeline,* 11th Dist. No.2000–T–0156, 2002–Ohio–1332.[4]

The Ohio Court of Appeals affirmed Jones's convictions on appeal,[5] and the Ohio Supreme

---

[4] Doc. 6-15.
[5] *Id.*

-3-

Case No. 4:12-CV-01511
Gwin, J.

Court denied leave to appeal.[6] Jones now petitions this Court for a writ of habeas corpus.[7] Magistrate Judge McHargh recommends that the petition be denied.[8] Jones objects to the Magistrate Judge's report and recommendation.[9]

## II. Legal Standard

The Federal Magistrates Act requires a district court to "make a *de novo* determination of those portions of [a Report and Recommendation] to which objection is made."[10] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal-court review of a state prisoner's petition for habeas corpus. A federal court may not grant relief on a claim adjudicated on the merits in state court unless the state-court adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[11]

The petitioner carries the burden of proof.[12]

## III. Analysis

**A. Ground One**

As his first ground for relief, Petitioner Jones says his trial counsel was ineffective when, prior to the change of plea, he failed to share discovery with Jones and misled Jones about the

---

[6] Doc. 6-19.
[7] Doc. 1.
[8] Doc. 12.
[9] Doc. 17.
[10] 28 U.S.C. § 636(b)(1)(C).
[11] 28 U.S.C. § 2254(d).
[12] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)).

-4-

Case No. 4:12-CV-01511
Gwin, J.

potential prison term he faced if he entered a guilty plea.[13] In order to establish ineffective assistance of counsel, a movant must satisfy the two-pronged test established in *Strickland v. Washington*.[14]

First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[15] Judicial scrutiny of counsel's conduct performance is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[16]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[17] The movant meets the second prong of the test only by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[18]

In the habeas context, this Court merely determines "whether the state court's application of *Strickland* to the facts of this case was objectively unreasonable."[19] "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[20]

Here the Court finds that the Ohio Court of Appeals reasonably found that Jones's counsel was effective and that Jones did not suffer any prejudice. The court reviewed the record and concluded that there was no evidence that counsel failed to inform him about evidence being

---

[13] Doc. 1 at 5; Doc. 17 at 1.
[14] *Strickland v. Washington*, 466 U.S. 668 (1984).
[15] *Id.* at 687.
[16] *Id.* at 689.
[17] *Id.* at 687.
[18] *Id.* at 694.
[19] *Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000).
[20] *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

Case No. 4:12-CV-01511
Gwin, J.

gathered during discovery. Further, the court found that Jones was "fully appri[s]ed of his rights and the potential penalties at the plea hearing."[21] The transcript from the plea colloquy supports this conclusion. The state trial judge fully explained the potential maximum term and maximum fine and Jones specifically stated that he understood his potential sentence.[22] Therefore, the Court overrules Petitioner's objection to Ground One.

**B. Ground Two**

As his second ground for relief, Petitioner Jones says the trial court abused its discretion by denying his motion to withdraw his plea when the motion was made prior to sentencing and Jones had advised the trial court that he had been coerced into entering the change of plea.[23] A petitioner has no federal constitutional right to withdraw a guilty plea.[24] The decision to permit a defendant to withdraw his plea is in the trial court's discretion.[25] Whether the trial court abused its discretion in denying his motion is an issue of state law not federal law.[26] As such it is not reviewable on habeas.[27]

**IV. Conclusion**

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Judge McHargh, and **DISMISSES WITH PREJUDICE** Jones's petition. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

---

[21] Doc. 6-15.
[22] Doc. 6-20 at 5-6.
[23] Doc. 1 at 7; Doc. 17 at 1.
[24] *Breeden v. Beightler*, 2008 WL 1995367, at *13 (N.D. Ohio May 6, 2008) (citing *United States ex rel. Scott v.. Mancusi*, 429 F.2d 104, 109 (2d Cir.1970)).
[25] *Id.*
[26] *Xie v. Edwards*, 35 F.3d 567 (6th Cir. 1994).
[27] *See* 28 U.S.C. § 2254(a) (limiting federal habeas review to claims related to violations of the Constitution and federal law).

Case No. 4:12-CV-01511
Gwin, J.

could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[28]

    IT IS SO ORDERED

Dated:  April 11, 2014        s/    *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[28] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).